**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| RALPHIELL BRAUNSKILL, | : | Case No. 1:24-cv-140 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | : | |
| AGENT DANIELLE SMITH, et al., | : | |
| | : | |
| Defendants. | : | |

---

**ENTRY AND ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 4)**

---

This action is before the Court upon the Report and Recommendation of United States Magistrate Stephanie K. Bowman (Doc. 4), to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, the Magistrate Judge recommends that Plaintiff's claims of prolonged detention without probable cause against Defendants Danielle Smith and Bryan Taylor in their individual capacities proceed. (*See* Report, Doc. 4, Pg. ID 46.) The Magistrate Judge also recommends that Plaintiff's remaining claims be dismissed. (*See id* at Pg. ID 49.) Plaintiff objected to the Report. (*See* Objections, Doc. 6, 8.) Thus, the matter is ripe for the Court's review.

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a government entity" and is proceeding *in forma pauperis*, the Magistrate Judge conducted an initial screening of the Complaint (Doc. 5). 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). Under the initial screening process, the Court must dismiss a complaint, or any portion of it, upon a determination that the action is frivolous

or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See id.* When conducting this initial screening, the Court is limited to considering only those facts alleged in the complaint, along with any documents attached to it. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)); *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (when ruling under Rule 12(b)(6), a court generally may not consider any facts outside the complaint).

Plaintiff first objects to the Magistrate Judge's recommendation that his claims against Defendants John Doe and Jane Doe be dismissed. (Objections, Doc. 6, Pg. ID 54.) The Magistrate Judge found that dismissal of these claims was appropriate because Plaintiff did not assert any facts showing that the unidentified Defendants violated Plaintiff's rights. (Report, Doc. 4, Pg. ID 46.) In response, Plaintiff asserts that John and Jane Doe are members of the Clermont County Sheriff's Department and the Union Township Police Department who assisted in his arrest. (Objections, Doc. 6, Pg. ID 54.) But, the Court cannot now consider these facts because they were not alleged in the original Complaint. *See Amini*, 259 F.3d at 502. Thus, the dismissal of Plaintiff's claims against John and Jane Doe is proper.

Plaintiff next objects to the dismissal of his claims against Defendant Clermont County. (Objections, Doc. 6, Pg. ID 56.) The Magistrate Judge concluded that Plaintiff failed to allege sufficient facts showing an unconstitutional custom or policy as required by *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). (Report, Doc. 4, Pg. ID 48-49.) Plaintiff contends that he sufficiently pled several unconstitutional county policies.

2

(Objections, Doc. 6, Pg. ID 56, 59-65.) However, many of these allegations concern individual misconduct by various government officials—such as Judge Anthony Brock and law enforcement officer Ryan Poling—as opposed conduct "attributable to the municipality." (*See* Compl., Doc. 3, Pg. ID 40); *see also D'Ambrosio v. Marino*, 747 F.3d 378, 387 (6th Cir. 2014). Furthermore, as the Magistrate Judge points out, Plaintiff's allegations that Clermont County improperly trains police and remains indifferent to probable cause requests are too conclusory to properly state a claim for relief under *Monell*. (*See* Report, Doc. 4, Pg. Id 48-49); *see also Buetenmiller v. Macomb County Jail*, 53 F.4th 939, 946 (6th Cir. 2022) (noting that conclusory allegations of unconstitutional policies and the failure to reference *Monell* in the complaint support dismissal).

Plaintiff also appears to argue that Clermont County fails to provide meaningful access to the courts by not maintaining a law library, relying on *Bounds v. Smith*, 430 U.S. 817 (1977). (*See* Objections, Doc. 6, Pg. ID 64.) However, Plaintiff did not raise this claim in his complaint, so he may raise it now for the first time in his objections to the Magistrate Judge's report. *See Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023). Thus, dismissal of Plaintiff's claims against Clermont County are appropriate.

Plaintiff next objects to the Magistrate Judge's recommendation that his claims against Defendant Matthew Farris, his court-appointed counsel in his underlying criminal case, be dismissed because Farris is not a state actor under 42 U.S.C. § 1983. (Objections, Doc. 6, Pg. ID 57-58.) Plaintiff asserts that, under *Tower v. Glover*, 467 U.S. 914 (1984) and *Dennis v. Sparks*, 449 U.S. 24 (1980), a public defender can be liable under § 1983 for conspiring with other state actors to deprive one's constitutional rights. (*Id.*) But,

3

Plaintiff's claims against Farris address his purported failure to provide an affirmative defense and seek to suppress evidence. (*See* Compl., Doc. 3, Pg. ID 40.) These are the sort of traditional functions of a public defender that do not give rise to § 1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 320, 325 (1981). Thus, dismissal of Plaintiff's claims against Farris is proper.

Finally, Plaintiff objects to the Magistrate Judge's reference to a statute of limitations in the Report. (Objections, Doc. 8, Pg. ID 97.) In the Report, the Magistrate Judge noted that "[P]laintiff may face issues with the applicable statute of limitations" related to his claims against Smith and Taylor in their individual capacities. (Report, Doc. 4, Pg. ID 46.) But, the Magistrate Judge made no legal determination related to the statute of limitations and permitted such claims to proceed. (*Id.*) So, the Court need not consider the Magistrate Judge's reference to the statute of limitations, as it has no impact on the ultimate outcome of the Report.

Upon review, the Court finds that Plaintiff's Objections (Docs. 6, 8) are not well-taken and are accordingly **OVERRULED**. Thus, the Court **ADOPTS** Magistrate Judge Bowmans's Report and Recommendation (Doc. 4) in its entirety and **ORDERS** the following:

1. Plaintiff's Complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as to Defendants Clermont County Sheriff Department, John Doe, Jane Doe, Union Township Police Department, Matthew Farris, Judge Brock, Clermont County Public Defender's Office, and Clermont County;

2. Plaintiff's claims that he was subjected to prolonged detention without probable cause **MAY PROCEED** against Defendants Smith and Taylor, in their individual capacities; and

3. The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons, an appeal of this order adopting the Report and Recommendation (Doc. 4) would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal in forma pauperis. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND